No. 23-10459

# In the United States Court of Appeals for the Eleventh Circuit

ANDREW WARREN,
*Plaintiff-Appellant,*

v.

RON DESANTIS,
*Defendant-Appellee.*

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
No. 4:22-cv-00302-RH-MAF

## RESPONSE IN OPPOSITION TO MOTION TO EXPEDITE ISSUANCE OF MANDATE

ASHLEY MOODY
*Attorney General of Florida*

PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*henry.whitaker@myfloridalegal.com*

*Counsel for Defendant-Appellee*

*(Additional counsel on next page.)*

HENRY C. WHITAKER
*Solicitor General*
DANIEL WILLIAM BELL
JEFFREY PAUL DESOUSA
*Chief Deputy Solicitors General*
DAVID M. COSTELLO
*Deputy Solicitor General*
ROBERT S. SCHENCK
*Assistant Solicitor General*

GEORGE T. LEVESQUE
JEFF AARON

GrayRobinson, P.A.
301 South Bronough Street
Ste. 600
Tallahassee, FL 32302
(850) 577-9090
*george.levesque@gray-robinson.com*

*Counsel for Defendant-Appellee*

*Warren v. DeSantis*
*Eleventh Circuit Case No. 23-10459*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Defendant-Appellee certifies that, to the best of his knowledge, the following is a complete list of interested persons:

1.    Aaron, Jeffrey M.,

2.    Abel, Richard,

3.    Albinson, Jeff,

4.    Alfieri, Anthony,

5.    Anstead, Harry Lee,

6.    Arenella, Peter,

7.    Austin, Jr., Roy L.,

8.    Bakkedahl, Tom,

9.    Ball, David,

10.    Ballard, Matthew J.,

11.    Bandes, Susan,

12.    Barakat, Charbel,

13.    Barnett, Martha,

14.    Bartlett, Bruce L.,

15.    Basford, Larry,

16.    Beltran, Michael P.,

17.    Bennett, Paul,

18.    Bentley III, A. Lee,

19.    Benza, Michael,

20.    Berkowitz, Herbert M.,

21.    Bernabe, Alberto,

22.    Bernstein, Anita,

23.    Bernstein, Lauren Jacobson,

24.    Bhabha, Ishan K.,

25.    Bilchik, Shay,

26.    Bondi, Pamela,

27.    Boone, Larry,

28.    Bowling, Bret,

29.    Boyd, Bobbi Jo,

30.    Boyer, Bruce,

31.    Brackney, Ph.D., RaShall,

32.    Brady, Scott,

33.    Brann, Joseph,

34.    Brewer, Jr., Robert,

35.    Bridge, Bobbe J.,

36.    Broderick, Katherine,

37.    Brodsky, Ed,

38.    Broussard, Robert L.,

39.    Buckler, Carol,

40.    Bueermann, Jim,

41.    Buhai, Sande,

42.    Bulman-Pozen, Jessica,

43.    Burbank, Chris,

44.    Burkoff, John,

45.    Burnele, Powell,

46.    Butterworth, Jr., Robert A.,

47.    Cabou, Jean-Jacques,

48.    Cabral, Andrea J.,

49.    Carlisle, Jay,

50.    Casselman, Margo R.,

51.    Cassidy, Michael,

52.    Cerniglia, Christine,

53.    Chemerinsky, Erwin,

54.    Chin, Doug,

55.    Chin, Gabriel,

56.    Christine, Bobby,

57.    Christmas, Natalie,

58.   Clayton, Jerry,

59.   Cochran, Donald,

60.   Coker, Donna Kay,

61.   Colbert, Doug,

62.   Cole, Liz Ryan,

63.   Coleman, Russell,

64.   Colton, Bruce,

65.   Cooper, Benjamin,

66.   Corcoran, Anne,

67.   Costello, David M.,

68.   Cox, Brendan,

69.   Cummings, Scott,

70.   Danneman, Alexis E.,

71.   Davis, Angela,

72.   Deitch, Brittany,

73.   DeSantis, Ron,

74.   DeSousa, Jeffrey P.,

75.   Devereaux, Damon,

76.   Dillof, Anthony,

77.   Dressler, Joshua,

*Warren v. DeSantis*
*Eleventh Circuit Case No. 23-10459*

78.    Dunavant, Michael,

79.    Eaton, Jr., O.H.,

80.    Elliot, Chris,

81.    Emerson, Robert,

82.    Epstein, Jules,

83.    Evans, Robert Wayne,

84.    Ewing, Charles,

85.    Fagan, Jeffrey,

86.    Feldman, Heidi Li,

87.    Fields, Lazaro,

88.    Fields, Shawn,

89.    Fitzpatrick, Hon. Martin A.,

90.    Florida Sheriffs Association,

91.    Flowers, Roberta,

92.    Fox, Amira D.,

93.    Franklin, Neil,

94.    Freed, David,

95.    Freidin, Ellen,

96.    Furgeson, Jr., William Royal

97.    Galoob, Stephen,

*Warren v. DeSantis*
*Eleventh Circuit Case No. 23-10459*

98. Gamaldi, Joe,

99. Garcetti, Gil,

100. Garnett, Stan,

101. Gentithes, Michael,

102. Gertner, Nancy,

103. Gladson, William,

104. Godsoe, Cynthia,

105. Goldstock, Ronald,

106. Gossett, Christian,

107. Graziano, Kristin,

108. Green, Bruce A.,

109. Greenbaum, Arthur,

110. Griffin, Lissa,

111. Grodin, Joseph R.,

112. Grosso, Catherine,

113. Grouev, Zachary P.,

114. Gundlach, Jennifer,

115. Haas, Brian,

116. Halle, Kris Anne,

117. Harris, David,

118.   Harshbarger, Scott,

119.   Hawkes, Paul,

120.   Hellman, Lawrence,

121.   Herdman, Justin,

122.   Hessick, Carissa Byrne,

123.   Hicks, Jason,

124.   Hill, Jerry,

125.   Hinkle, Hon. Robert L.,

126.   Hoag-Fordjour, Alexis,

127.   Holder, Gregory Paul,

128.   Howell, Babe,

129.   Hull, Bryan David,

130.   Hutchinson, Ed,

131.   Hyde, Thomas,

132.   Jaroslaw, Ilene,

133.   Joyal, Moe,

134.   Joyal, Ursula,

135.   Kelly, Charles B.,

136.   King, Adam,

137.   King, Brad,

*Warren v. DeSantis*
*Eleventh Circuit Case No. 23-10459*

138.   Kobil, Daniel,

139.   Koerner, Matthew R.,

140.   Kollar, Justin F.,

141.   Kramer, Brian,

142.   Kronick, Katie,

143.   Kruse, Katherine R.,

144.   Larizza, R.J.,

145.   Lassar, Scott,

146.   Laurin, Jennifer,

147.   Lawson, Sara Alpert,

148.   Levens, William P.,

149.   Levenson, Laurie,

150.   Levesque, George T.,

151.   Levine, Kay,

152.   Lewis, Timothy K.,

153.   Listenbee, Robert L.,

154.   Little, Rory,

155.   Lopez, Maria Chapa,

156.   Lubet, Steven,

157.   Madden, Ginger Bowden,

*Warren v. DeSantis*
*Eleventh Circuit Case No. 23-10459*

158.  Madrid, Patricia A.,

159.  Margulies, Peter,

160.  Markovic, Milan,

161.  Marshall, Steve,

162.  Mather, Lynn,

163.  Matsuoka, Tania C.,

164.  McCollum, Bill,

165.  McFadden, Garry, L.

166.  McMunigal, Kevin,

167.  Medwed, Daniel,

168.  Meggs, William N.,

169.  Melton III, Howell Webster,

170.  Menendez, Jr., Manuel,

171.  Menkel-Meadow, Carrie,

172.  Metzger, Pamela,

173.  Millemann, Michael,

174.  Miller, Eric,

175.  Minkoff, Ronald,

176.  Moore, Richard,

177.  Morris, Chris,

178.  Morrison, Caren Myers,

179.  Needham, Carol,

180.  Newborn, Steven A.,

181.  Newton, Matthew T.,

182.  Norton, Jerry,

183.  Nunn, Kenneth,

184.  O'Connor, Michol,

185.  O'Neil, David A.,

186.  O'Neill, Jerome,

187.  O'Neill, Timothy,

188.  Orenstein, Aviva Anne,

189.  Ortiz, Carmen M.,

190.  Ouziel, Lauren,

191.  Pariente, Barbara,

192.  Parsons, Ron,

193.  Pearce, Russell,

194.  Pearson, Melba,

195.  Percival, III, James H.,

196.  Perlin, Michael,

197.  Phillips, Channing,

*Warren v. DeSantis*
*Eleventh Circuit Case No. 23-10459*

198.   Podgor, Ellen S.,

199.   Powell, Burnele

200.   Pridgen, Abdul D.,

201.   Quick, Albert T.,

202.   Quick, Brenda,

203.   Quince, Peggy,

204.   Rapoport, Nancy,

205.   Regalado, Vic,

206.   Reid, Teresa Jean,

207.   Reiner, Ira,

208.   Ricardo, Kim D.,

209.   Robbins, Ira,

210.   Roberts, Jenny,

211.   Robertson, Andra,

212.   Robson, Ruthann,

213.   Rosen, Robert,

214.   Rosenthal, Stephen,

215.   Ross, Josephine,

216.   Rossman, David,

217.   Rozelle, Susan,

*Warren v. DeSantis*
*Eleventh Circuit Case No. 23-10459*

218.  Rudovsky, David,

219.  Safavi, Sherry,

220.  Saito, Natsu,

221.  Salcines, E.J.,

222.  Saltzburg, Stephen A.,

223.  Sammons, Jack,

224.  Schaefer, Paula,

225.  Scheindlin, Shira A.,

226.  Schenck, Robert S.

227.  Schnorrenberg, Sarah B,

228.  Scott, McGregor,

229.  Shores, R. Trent,

230.  Shorstein, Harry L.,

231.  Siegel, David,

232.  Singer, David B.,

233.  Singh, Samantha B.,

234.  Singleton, David A.,

235.  Sloan, Cliff,

236.  Smith, Abbe,

237.  Sonnett, Neal R.,

*Warren v. DeSantis*
*Eleventh Circuit Case No. 23-10459*

238.   Southerland, Vincent,

239.   Spagnoletti, Robert J.,

240.   Spitzer, Hugh D.,

241.   Stamper, Norm,

242.   Stempel, Jeff,

243.   Stephens, Darrel,

244.   Strait, John,

245.   Strang, Dean,

246.   Sullivan, Ron,

247.   Suvall, Cara,

248.   Swain, Alexandra P.,

249.   Swan, Sarah L.,

250.   Synan, Tom,

251.   Tanaka, Elizabeth,

252.   Tarr, G. Alan,

253.   Tibbles, Lance,

254.   Tierney, James,

255.   Town, Jay,

256.   Tremblay, Paul,

257.   Tribe, Laurence H.,

*Warren v. DeSantis*
*Eleventh Circuit Case No. 23-10459*

258. Troy, Anthony F.,

259. Turner, Kevin,

260. Turner, Tim,

261. Unikowsky, Adam G.,

262. Unikowsky, Lauren Jacobson,

263. Uphoff, Rodney,

264. Vance, Cyrus R.,

265. Varadi, Benjamin,

266. Walsh, John,

267. Ward, Dennis W.,

268. Warren, Andrew H.,

269. Warren, Jeffrey Wayne,

270. Waurishuk, Jim,

271. Waxman, Seth,

272. Webb, Jeanne,

273. Weich, Ronald,

274. Weinberg, Jr., Morris,

275. Weiss, Jonathan A.,

276. West, Chris,

277. Whitaker, Henry C.,

278.   Wilson, Jodi,

279.   Woods, Jordan Blair,

280.   Wright, Ron,

281.   Wynbrandt, Kathryn L.,

282.   Yaroshefsky, Ellen,

283.   Zitrin, Richard

**RESPONSE TO MOTION TO EXPEDITE ISSUANCE OF MANDATE**

Andrew Warren asks this Court to take the extraordinary step of shrinking both the Governor's 21-day time period[1] to seek en banc review and "the time for the issuance of the mandate" after en banc proceedings have concluded. Mot. 3. But Mr. Warren cites no case in which this Court has granted that unusual relief,[2] let alone one with such sweeping implications for Florida's citizens and chosen governmental structure. For the reasons below, the Court should deny Mr. Warren's motion and accord the full amount of time for the Governor to brief, and the en banc Court to consider, the important issues raised in this appeal.

**1.** To begin with, the Court should not upend its typical en banc and mandate procedures because there are substantial reasons to rehear this case en banc that the Governor and all members of this Court should have a full opportunity to air in the en banc process. Rehearing en banc is appropriate when "the panel decision conflicts with a decision of the United States Supreme Court or of th[is] court" or when "the

---

[1] Mr. Warren suggests that the Governor has only 14 days to petition for en banc review. Mot. 1. That is wrong. This Court's local rules allot the Governor 21 days to seek en banc rehearing. 11th Cir. R. 35-2 ("A petition for en banc rehearing must be filed within 21 days of entry of judgment . . . .").

[2] In the cases Mr. Warren relies on, this Court expedited appellate briefing and argument; it did not expedite issuance of the mandate or shorten the time for en banc review. *See* Mot. 2–3. Those cases also involved an imminently impending or ongoing election. *See id.* By contrast, the November 2024 election for State Attorney is roughly 10 months away.

proceeding involves one or more questions of exceptional importance." Fed. R. App. P. 35(b)(1); *see also* 11th Cir. R. 35-3.

First, the panel's decision conflicts with the government-speech principle established in *Garcetti v. Cabellos,* 547 U.S. 410 (2006), and with cases from this Court[3] and other circuits[4] analyzing when speech "owes its existence" to an official's duties. *See Abdur–Rahman v. Walker*, 567 F.3d 1278, 1282–84 (11th Cir. 2009). The panel opinion also casts substantial doubt on whether *Garcetti* applies to the speech of elected officials, Op. 27–29—a hotly contested issue[5] that the Supreme Court has yet to resolve and that has significant implications for Florida's governmental structure, which uniquely

---

[3] *Alves v. Bd. of Regents*, 804 F.3d 1149, 1163–64 (11th Cir. 2015); *Moss v. City of Pembroke Pines*, 782 F.3d 613, 620 (11th Cir. 2015).

[4] *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 203 (2d Cir. 2010); *Barone v. City of Springfield*, 902 F.3d 1091, 1101 (9th Cir. 2018); *Lyons v. Vaught*, 875 F.3d 1168, 1174 (8th Cir. 2017); *Mercato-Berrios v. Cancel-Alegria*, 611 F.3d 18, 26 n.8 (1st Cir. 2010); *Renken v. Gregory*, 541 F.3d 769, 774 (7th Cir. 2008); *Charles v. Grief*, 522 F.3d 508, 513 (5th Cir. 2008); *Brammer–Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1203 & n.5 (10th Cir. 2007).

[5] *Compare Parks v. City of Horseshoe Bend*, 480 F.3d 837, 840 n.4 (8th Cir. 2007) (*Garcetti* applies to elected officials); *Hartman v. Register*, No. 1:06-cv-33, 2007 WL 915193, at *6 (S.D. Ohio Mar. 26, 2007) (same); *Hogan v. Twp. of Haddon*, No. 04-2036, 2006 WL 3490353, at *6 (D.N.J. Dec. 1, 2006) (same); *Aquilina v. Wrigglesworth*, 298 F. Supp. 3d 1110, 1116 (W.D. Mich. 2018) (same); *Shields v. Charter Twp. of Comstock*, 617 F. Supp. 2d 606, 615–16 (W.D. Mich. 2009) (same), *with Boquist v. Courtney*, 32 F.4th 764, 774–75, 779–80 (9th Cir. 2022) (*Garcetti* does not apply to elected officials); *Rangra v. Brown*, 566 F.3d 515, 523–24 (5th Cir.), *vacated as moot on reh'g en banc*, 584 F.3d 206 (5th Cir. 2009).

2

entrusts supervisory control of locally elected officers to statewide elected officers like the Governor. *E.g.*, Art. IV, § 7(a), Fla. Const.

Next, the panel opinion stymies the State's capacity to regulate future conduct evinced by a state official's statements. The panel held that "statement[s] of future conduct"—like Mr. Warren's statement that he would not enforce abortion laws—are protected speech. Op. 41. But both this Court and the Supreme Court have long held that the government does not violate the First Amendment when it regulates conduct revealed through speech. *See Norwegian Cruise Line Holdings Ltd. v. State Surgeon General*, 50 F.4th 1126, 1138 (11th Cir. 2022); *Rumsfeld v. FAIR*, 547 U.S. 47, 62 (2006); *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502 (1949). That rule ensures that when the government learns of harmful future actions through the actor's statements, it may head off those actions without suffering a costly retaliation claim. Yet under the panel opinion, the State may not suspend an elections supervisor who swears he will not administer the next election, remove a prison warden who says he will soon let the prisoners go free, or fire a school bus driver who "promis[es] to show up drunk" for work tomorrow. App.1267.

Finally, the panel wrongly held that elected prosecutors like Mr. Warren fall outside the policymaker exception to *Elrod v. Burns*, 427 U.S. 347 (1976) (plurality op.). Op.

39–40. As many courts have recognized, elected officials[6] and prosecutors[7] are quintessential policymakers that fall outside of *Elrod*'s proscription on disciplinary action partially motivated by political ideology. The panel's decision not only conflicts with those precedents—it opens the floodgates to lawsuits seeking judicial supervision over the rough-and-tumble of internal state politics. The en banc Court will likely vote to reconsider that drastic intrusion on state sovereignty and expansion of the federal judicial role.

**2.** The Governor should have the full 21 days to brief this uncommonly complicated and significant appeal. This case involves difficult legal questions that implicate governments across the Circuit, including whether *Garcetti* applies to elected officials, whether an official's statements of future conduct can justify a retaliation claim, whether elected officials may sue for retaliation based on political ideology, and what the proper standard is for discerning whether speech was made pursuant to official duties. The case also comes to this Court following a three-day bench trial in which the district court made detailed factual findings after observing 9 witnesses, 232 exhibits, and 1,467 pages of transcript. The case's factual and legal complexities led the panel to issue

---

[6] *See, e.g., Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1355 n.9 (3d Cir. 1994); *Romero-Barcelo v. Hernandez-Agosto*, 75 F.3d 23, 34 (1st Cir. 1996) (elected governor "assuredly qualified as" a "policy maker"); *Camacho v. Brandon*, 317 F.3d 153, 162 (2d Cir. 2003).

[7] *See, e.g., Borzilleri v. Mosby*, 874 F.3d 187, 193 (4th Cir. 2017) (Wilkinson, J.) (collecting cases).

multiple opinions spanning 59 pages more than eight months after oral argument. Meanwhile, Mr. Warren—who took 25 days to appeal the district court's decision, and 52 days from the date the district court issued its ruling to file his opening appellate brief—provides no specifics about when he "must" make a decision on whether to run for reelection. Given that background, the Court should not rush the en banc process and should instead afford the Governor the ordinary 21 days to brief these issues thoroughly for the en banc Court.

**3.** The Court also should not shorten the window for issuing the mandate if this Court denies en banc review. The Governor should have a full opportunity to seek a stay of the mandate in the U.S. Supreme Court pending further Supreme Court review, *see* Fed. R. App. P. 41(d), and for similar reasons there are substantial reasons why the Supreme Court would grant that relief.

**4.** Mr. Warren sensibly does not request that this Court issue the mandate before the full Court has considered the Governor's forthcoming en banc petition. *See* Mot. 3. In no event should the Court issue the mandate before the en banc and Supreme Court process has played out. If the district court reinstates Mr. Warren only to have the en banc Court or the Supreme Court later recall the mandate, the district court's initial judgment would be revived and Mr. Warren would be suspended yet again. That would flip the leadership of Hillsborough County's State Attorney's Office for a third time in less than two years. And if the en banc Court or the Supreme Court ultimately vacates

or reverses the initial judgment, Mr. Warren could again be reinstalled—the office's *fourth* leadership change.

That whiplash would undermine the public's "weighty interest in the efficient administration of [state] laws." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1454 (11th Cir. 1986). Indeed, "[c]hanges at the top of any enterprise can be disruptive," App.178, and that is particularly true for a state attorney's office tasked with keeping the community safe. State Attorney Susan Lopez has managed the office for nearly 18 months and has "made substantial changes" in policy. *See id.*[8] Were Mr. Warren reinstated, he would likely undo those changes and mold the office in his image—a process that would take considerable time and resources. And were the panel's decision later vacated or reversed, Ms. Lopez would be reinstated and the office would need to transition back to her policies. The resulting back-and-forth would sow "chaos and uncertainty" within the office's ranks, *see Hand v. Scott*, 888 F.3d 1206, 1214 (11th Cir. 2018), and risk "frustrat[ing] the public's interest in the fair and expeditious administration of the criminal laws," *In re Grand Jury Proc.*, 142 F.3d 1416, 1427 (11th Cir. 1998) (quotations omitted).

Nor are managerial disruptions the only problem; reinstating Mr. Warren before en banc proceedings have ended may also cost experienced public servants their jobs.

---

[8] *See* Aaron Mesmer, *Newly appointed Hillsborough state attorney reverses controversial bike-stop policy*, Fox 13 News (Aug. 11, 2022) https://www.fox13news.com/news/newly-appointed-hillsborough-state-attorney-reverses-controversial-bike-stop-policy.

6

Mr. Warren has promised that "a lot of people are getting fired" if he returns to power. Tr. 553:10–15. Even Mr. Warren's longtime chief of staff, Gary Weisman, feared retribution for providing truthful testimony in this case. *See* Tr.553:19–554:1. The loss of their livelihoods obviously harms officials that Mr. Warren will dismiss. But it also harms the office, as it is "predictable" that some of these officials will not return even if Mr. Warren is re-suspended after an en banc decision. *Cf. Dep't of Com. v. New York*, 139 S. Ct. 2551, 2566 (2019). Losing such seasoned personnel would rob the office of hard-earned experience, hindering the "efficient administration of" justice. *Garcia-Mir*, 781 F.2d at 1454; *see also In re Grand Jury Proc.*, 142 F.3d at 1427.

In short, whatever the decision in this case, "[t]here is a substantial public interest in implementing [that] decision just once—in not having" a "decision that is on-again, off-again." *Brenner v. Scott*, 999 F. Supp. 2d 1278, 1292 (N.D. Fla. 2014); *see also* App.178 (order denying preliminary injunction, finding that reinstatement "risks further disruption"). Because issuing the mandate prematurely risks exactly that, "[t]here is wisdom in preserving the status quo ante" by adhering to this Court's ordinary mandate procedures until the full Eleventh Circuit "has had an opportunity on full briefing to come to grips with the many constitutional and equitable issues that have been raised." *Hand*, 888 F.3d at 1214–15.

**5.** If despite all that, the Court is still inclined to expedite issuance of the mandate, it must first provide sufficient notice to the en banc Court. Eleventh Circuit Rule 41-2 provides that "the time for issuance of the mandate may be shortened only after all

circuit judges in regular active service who are not recused or disqualified have been provided with reasonable notice and an opportunity to notify the clerk to withhold issuance of the mandate."

## CONCLUSION

The motion should be denied.

Dated: January 17, 2024

Respectfully submitted,

ASHLEY MOODY
  *Attorney General of Florida*

*/s/ Henry C. Whitaker*

GEORGE T. LEVESQUE
JEFF AARON

GrayRobinson, P.A.
301 South Bronough Street, Ste. 600
Tallahassee, FL 32302
(850) 577-9090
*george.levesque@gray-robinson.com*

*Counsel for Defendant-Appellee*

HENRY C. WHITAKER
  *Solicitor General*
DANIEL W. BELL
JEFFREY PAUL DESOUSA
  *Chief Deputy Solicitors General*
DAVID M. COSTELLO
  *Deputy Solicitor General*
ROBERT SCOTT SCHENCK
  *Assistant Solicitor General*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
(850) 414-3300
*henry.whitaker@myfloridalegal.com*

*Counsel for Defendant-Appellee*

**CERTIFICATE OF COMPLIANCE**

1.      This document complies with Fed. R. App. P. 27(f)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,977 words.

2.      This document complies with the typeface and type-style requirements of Fed. R. App. P. 27, Fed. R. App. P. 32(a)(5), and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

*/s/ Henry C. Whitaker*
Solicitor General

**CERTIFICATE OF SERVICE**

I certify that on January 17, 2024, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Henry C. Whitaker*
Solicitor General

9