No. 23-10459

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ANDREW WARREN,

*Plaintiff-Appellant*,

v.

RON DESANTIS,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Florida
No. 4:22-cv-302-RH-MAF

## PLAINTIFF-APPELLANT'S MOTION TO ISSUE MANDATE

David A. O'Neil
DEBEVOISE & PLIMPTON, LLP
801 Pennsylvania Ave. NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

Samantha B. Singh
Marisa L. Pagán-Figueroa
Jane Tien
DEBEVOISE & PLIMPTON, LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
sbsingh@debevoise.com
mlpaganfigueroa@debeovise.com
jtien@debevoise.com

Jean-Jacques Cabou
Alexis E. Danneman
PERKINS COIE LLP
2901 N. Central Avenue,
Suite 2000
Phoenix, Arizona 85012
(602) 351-8000
JCabou@perkinscoie.com
ADanneman@perkinscoie.com

David B. Singer
Matthew T. Newton
OLDER LUNDY KOCH & MARTINO
1000 W. Cass St.
Tampa, FL 33606
(813) 254-8998
dsinger@olderlundylaw.com
mnewton@olderlundylaw.com

*Counsel for Plaintiff-Appellant Andrew Warren*

# CERTIFICATE OF INTERESTED PERSONS

Plaintiff-Appellant certifies that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1:

1. Aaron, Jeffrey M., *Attorney for Defendant-Appellee*
2. Allen, Norton & Blue, P.A., *Attorneys for Amicus Curiae*
3. Araiza, William, *Amicus Curiae*
4. Bailey, Andrew, *Amicus Curiae*
5. Cabou, Jean-Jacques, *Attorney for Plaintiff-Appellant*
6. Calvert, Clay, *Amicus Curiae*
7. Cameron, Daniel, *Amicus Curiae*
8. Carr, Christopher M., *Amicus Curiae*
9. Casselman, Margo R., *Attorney for Plaintiff-Appellant*
10. Chemerinsky, Erwin, *Amicus Curiae*
11. Christmas, Natalie, *Attorney for Defendant-Appellee*
12. Costello, David M., *Attorney for Defendant-Appellee*
13. Danneman, Alexis, *Attorney for Plaintiff-Appellant*
14. Debevoise & Plimpton, LLP, *Attorneys for Plaintiff-Appellant*
15. DeSantis, Ron, *Defendant-Appellee*
16. DeSousa, Jeffrey P., *Attorney for Defendant-Appellee*

17. Evans, Robert Wayne, *Attorney for Amicus Curiae*

18. Fitch, Lynn, *Amicus Curiae*

19. Florida Office of the Attorney General, *Attorneys for Defendant-Appellee*

20. Florida Police Chiefs Association, *Amicus Curiae*

21. Florida Prosecuting Attorneys Association, *Amicus Curiae*

22. Florida Sheriffs Association, *Amicus Curiae*

23. Flowers, Benjamin M., *Amicus Curiae*

24. Gaiser, T. Elliot, *Attorney for Amicus Curiae*

25. Gilles, Susan M., *Amicus Curiae*

26. Gray Robinson, P.A., *Attorneys for Defendant-Appellee*

27. Griffin, Tim, *Amicus Curiae*

28. Grouev, Zachary, *Attorney for Defendant-Appellee*

29. Hilgers, Michael T., *Amicus Curiae*

30. Hinkle, Robert L., *District Court Judge*

31. Hufford, Axel J., *Attorney for Amicus Curiae*

32. Jackley, Marty, *Amicus Curiae*

33. Jacobs, Arthur Ivan, *Attorney for Amicus Curiae*

34. Jenner & Block LLP, *Attorneys for Amicus Curiae*

35. Keller, Zachery P., *Amicus Curiae*

36. Knudsen, Austin, *Amicus Curiae*

37. Kobil, Daniel T., *Amicus Curiae*

38. Lagos, Benjamin M., *Attorney for Amicus Curiae*

39. Lakier, Genevieve, *Amicus Curiae*

40. Landry, Jeff, *Amicus Curiae*

41. Levesque, George T., *Attorney for Defendant-Appellee*

42. Li, Yao, *Attorney for Amicus Curiae*

43. Lopez, Susan, *Interested party*

44. Marsey, John David, *Attorney for Amicus Curiae*

45. Marshall, Steve, *Amicus Curiae*

46. Massaro, Toni M., *Amicus Curiae*

47. Moody, Ashley, *Attorney for Defendant-Appellee*

48. Morrisey, Patrick, *Amicus Curiae*

49. Newton, Matthew T., *Attorney for Plaintiff-Appellant*

50. Niehoff, Leonard M., *Amicus Curiae*

51. Older, Lundy, Koch & Martino, *Attorneys for Plaintiff-Appellant*

52. O'Neil, David A., *Attorney for Plaintiff-Appellant*

53. Pagan-Figueroa, Marisa L., *Attorney for Plaintiff-Appellant*

54. Paxton, Ken, *Amicus Curiae*

55. Percival, James H., *Attorney for Defendant-Appellee*

56. Perkins Coie LLP, *Attorneys for Plaintiff-Appellant*

57. Public Rights Project, *Amicus Curiae*

58. Reyes, Sean D., *Amicus Curiae*

59. Rosenthal, Joshua, *Attorney for Amicus Curiae*

60. Rumberger Kirk & Caldwell, P.A., *Attorney for Amicus Curiae*

61. Schenck, Robert S., *Attorney for Defendant-Appellee*

62. Singer, David B., *Attorney for Plaintiff-Appellant*

63. Singh, Samantha B., *Attorney for Plaintiff-Appellant*

64. Tien, Jane, *Attorney for Plaintiff-Appellant*

65. Torres-Spelliscy, Ciara, *Amicus Curiae*

66. Turret, Erica S., *Attorney for Amicus Curiae*

67. Unikowsky, Adam G., *Attorney for Amicus Curiae*

68. Warren, Andrew, *Plaintiff-Appellant*

69. Whitaker, Henry C., *Attorney for Defendant-Appellee*

70. Wilson, Alan, *Amicus Curiae*

71. Wynbrandt, Kathryn L., *Attorney for Amici*

72. Yost, Dave, *Amicus Curiae*

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: July 8, 2024    **DEBEVOISE & PLIMPTON LLP**

*/s/ David A. O'Neil*

David A. O'Neil
801 Pennsylvania Ave. NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

*Counsel for Plaintiff-Appellant
Andrew Warren*

# TABLE OF CONTENTS

ARGUMENT ................................................................................................1

# TABLE OF AUTHORITIES

**Other Authorities**

Fed. R. App. P. 35 ........................................................................................................2

Fed. R. App. P. 41(b) ..................................................................................................2

# MOTION TO ISSUE THE MANDATE

For the reasons set forth in this Motion, Plaintiff-Appellant, Andrew H. Warren, moves pursuant to Federal Rule of Appellate Procedure 27 to renew his motion to expedite resolution, *see* Dkt. 107, of Governor DeSantis's petition for rehearing *en banc* filed on January 25, 2024, *see* Dkt. 98, and to issue the mandate immediately.

# ARGUMENT

For nearly six months, a single judge of this Court has withheld issuance of the mandate in a case that has been expedited at every stage—from discovery to appeal—and that will determine whether the votes of hundreds of thousands of Floridians actually matter. *See* Dkt. 103-2. Every day that passes in this posture is one in which the results of a free and fair election are denied. This Court should immediately issue the mandate so the district court can promptly resolve this litigation.

This Court granted Mr. Warren's motion to expedite this appeal (from an expedited bench trial) exactly 16 months ago, on March 8, 2023. *See* Dkt. 24. The same day that this Court issued its initial opinion on January 10, 2024, Mr. Warren requested that the Court expedite the issuance of its mandate. *See* Dkt. 85 (*vacated, and substituted by* Dkt. 89-1 opinion issued on January 11, 2024); Dkt. 87. This Court ordered a response from Governor DeSantis within five days and

then ordered Governor DeSantis to file a petition for a rehearing *en banc* on an expedited basis. *See* Dkt. 92; *see also* Dkt. 95. According to the docket, a single judge of this Court has ordered the withholding of the issuance of the mandate. *See* Dkt. 103-2. It has been 11 weeks since the Court ordered supplemental briefing on an expedited basis. *See* Dkt. 111.

This Court's Rules expressly provide that a Judge of this Court who orders the withholding of the mandate on the basis of a petition for rehearing *en banc* must request a poll "[w]ithin 30 days" of the receipt of the petition. Fed. R. App. P. 35, IOP 3. That date expired on February 24, 2024. The Rules further provide that, "after [] a reasonable time to respond to the poll request, the chief judge then polls the court by written ballot on whether rehearing *en banc* is to be granted." *Id.* If a majority of the active and non-recused Judges does not vote in favor of *en banc* review, the petition is denied and the mandate must issue. *See* Fed. R. App. P. 41(b); Fed. R. App. P. 35, IOP 7. If a poll request does not occur within the aforementioned 30 days, the panel, "without further notice, may take such action as it deems appropriate on the petition for rehearing *en banc*." Fed. R. App. P. 35, IOP 4.

Under any colorable construction, the five months that have passed since Governor DeSantis filed his *en banc* petition are more than enough "reasonable time" in which to request and complete such a poll. If no poll was taken, then

2

under this Court's Rules, the mandate must issue. If a poll was conducted and the results were affirmative—if a majority of this Court were in favor of *en banc* review—then the Court would have so ordered that outcome and set the case for further briefing. The fact that the Court has not done so can only mean that the votes for *en banc* review do not exist.

There is no legitimate reason to continue withholding the mandate, much less one that could possibly outweigh the enormous public interest in resolving the legality of the Governor's attempt to invalidate an election. In this case, justice delayed is truly justice denied. This Court has already concluded that if Governor DeSantis suspended Mr. Warren based on the stated rationale—his exercise of core political speech—then the suspension was illegal and invalid. *See* Dkt. 89-1 at 33, 39–42, 44. The voters of Florida's 13th Judicial Circuit have therefore been unlawfully deprived for more than 700 days of the official whom they elected to serve as State Attorney. Mr. Warren has time remaining in his Term and should be permitted to complete it.

Mr. Warren respectfully submits that this Court should immediately issue the mandate.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

Dated: July 8, 2024          Respectfully submitted,

**DEBEVOISE & PLIMPTON LLP**

*/s/ David A. O'Neil*

David A. O'Neil
801 Pennsylvania Ave. NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

*Counsel for Plaintiff-Appellant Andrew Warren*

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This brief complies with the type-volume limitation of Rule 27(d)(2)(a) of the Federal Rules of Appellate Procedure because it contains approximately 703 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

Date: July 8, 2024

**DEBEVOISE & PLIMPTON LLP**

<u>/s/ *David A. O'Neil*</u>

David A. O'Neil

801 Pennsylvania Ave. NW,
Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

*Counsel for Plaintiff-Appellant Andrew Warren*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, the foregoing document was filed with the Clerk of the United States Court of Appeals for the Eleventh Circuit via the Court's electronic filing system and served on all counsel of record via CM/ECF.

Date: July 8, 2024

**DEBEVOISE & PLIMPTON LLP**

/s/ *David A. O'Neil*

David A. O'Neil

801 Pennsylvania Ave. NW,
Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

*Counsel for Plaintiff-Appellant Andrew Warren*