# In the United States Court of Appeals for the Eleventh Circuit

ANDREW WARREN,
*Plaintiff-Appellant,*

v.

RON DESANTIS,
*Defendant-Appellee.*

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
No. 4:22-cv-00302-RH-MAF

## SUPPLEMENTAL BRIEF
## OF APPELLEE

ASHLEY MOODY
*Attorney General of Florida*

PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*henry.whitaker@myfloridalegal.com*

*Counsel for Defendant-Appellee*

*(Additional counsel on next page.)*

HENRY C. WHITAKER
*Solicitor General*
DANIEL WILLIAM BELL
JEFFREY PAUL DESOUSA
*Chief Deputy Solicitors General*
DAVID M. COSTELLO
*Senior Deputy Solicitor General*
ROBERT S. SCHENCK
*Assistant Solicitor General*

GEORGE T. LEVESQUE
GrayRobinson, P.A.
301 South Bronough St.
Ste. 600
Tallahassee, FL 32302
(850) 577-9090
*george.levesque@gray-robinson.com*

JEFF AARON
DownsAaron, PLLC
200 S Orange Ave.
Ste. 2250
Orlando, FL 32801
(407) 349-3949
*jeff.aaron@downsaaron.com*

*Counsel for Defendant-Appellee*

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Defendant-Appellee certifies that, to the best of his knowledge, the following is a complete list of interested persons:

1. Aaron, Jeffrey M.,

2. Abel, Richard,

3. Albinson, Jeff,

4. Alfieri, Anthony,

5. Anstead, Harry Lee,

6. Arenella, Peter,

7. Austin, Jr., Roy L.,

8. Bailey, Andrew,

9. Bakkedahl, Tom,

10. Ball, David,

11. Ballard, Matthew J.,

12. Bandes, Susan,

13. Barakat, Charbel,

14. Barnett, Martha,

15. Bartlett, Bruce L.,

16. Basford, Larry,

17. Beltran, Michael P.,

18.     Bennett, Paul,

19.     Bentley III, A. Lee,

20.     Benza, Michael,

21.     Berkowitz, Herbert M.,

22.     Bernabe, Alberto,

23.     Bernstein, Anita,

24.     Bernstein, Lauren Jacobson,

25.     Bhabha, Ishan K.,

26.     Bilchik, Shay,

27.     Bondi, Pamela,

28.     Boone, Larry,

29.     Bowling, Bret,

30.     Boyd, Bobbi Jo,

31.     Boyer, Bruce,

32.     Brackney, Ph.D., RaShall,

33.     Brady, Scott,

34.     Brann, Joseph,

35.     Brewer, Jr., Robert,

36.     Bridge, Bobbe J.,

37.     Broderick, Katherine,

38.    Brodsky, Ed,

39.    Broussard, Robert L.,

40.    Buckler, Carol,

41.    Bueermann, Jim,

42.    Buhai, Sande,

43.    Bulman-Pozen, Jessica,

44.    Burbank, Chris,

45.    Burkoff, John,

46.    Burnele, Powell,

47.    Butterworth, Jr., Robert A.,

48.    Cabou, Jean-Jacques,

49.    Cabral, Andrea J.,

50.    Carlisle, Jay,

51.    Carr, Christopher M.,

52.    Casselman, Margo R.,

53.    Cassidy, Michael,

54.    Cerniglia, Christine,

55.    Chemerinsky, Erwin,

56.    Chin, Doug,

57.    Chin, Gabriel,

58.  Christine, Bobby,

59.  Christmas, Natalie,

60.  Clayton, Jerry,

61.  Cochran, Donald,

62.  Coker, Donna Kay,

63.  Colbert, Doug,

64.  Cole, Liz Ryan,

65.  Coleman, Russell,

66.  Colton, Bruce,

67.  Cooper, Benjamin,

68.  Corcoran, Anne,

69.  Costello, David M.,

70.  Cox, Brendan,

71.  Cummings, Scott,

72.  Danneman, Alexis E.,

73.  Davis, Angela,

74.  Deitch, Brittany,

75.  DeSantis, Ron,

76.  DeSousa, Jeffrey P.,

77.  Devereaux, Damon,

78.     Dillof, Anthony,

79.     Dressler, Joshua,

80.     Dunavant, Michael,

81.     Eaton, Jr., O.H.,

82.     Elliot, Chris,

83.     Emerson, Robert,

84.     Epstein, Jules,

85.     Evans, Robert Wayne,

86.     Ewing, Charles,

87.     Fagan, Jeffrey,

88.     Feldman, Heidi Li,

89.     Fields, Lazaro,

90.     Fields, Shawn,

91.     Fitch, Lynn,

92.     Fitzpatrick, Hon. Martin A.,

93.     Florida Sheriffs Association,

94.     Flowers, Roberta,

95.     Fox, Amira D.,

96.     Franklin, Neil,

97.     Freed, David,

98.    Freidin, Ellen,

99.    Furgeson, Jr., William Royal

100.   Galoob, Stephen,

101.   Gaiser, T. Elliot,

102.   Gamaldi, Joe,

103.   Garcetti, Gil,

104.   Garnett, Stan,

105.   Gentithes, Michael,

106.   Gertner, Nancy,

107.   Gladson, William,

108.   Godsoe, Cynthia,

109.   Goldstock, Ronald,

110.   Gossett, Christian,

111.   Graziano, Kristin,

112.   Green, Bruce A.,

113.   Greenbaum, Arthur,

114.   Griffin, Lissa,

115.   Griffin, Tim,

116.   Grodin, Joseph R.,

117.   Grosso, Catherine,

118.   Grouev, Zachary P.,

119.   Gundlach, Jennifer,

120.   Haas, Brian,

121.   Halle, Kris Anne,

122.   Harris, David,

123.   Harshbarger, Scott,

124.   Hawkes, Paul,

125.   Hellman, Lawrence,

126.   Herdman, Justin,

127.   Hessick, Carissa Byrne,

128.   Hicks, Jason,

129.   Hilgers, Michael T.,

130.   Hill, Jerry,

131.   Hinkle, Hon. Robert L.,

132.   Hoag-Fordjour, Alexis,

133.   Holder, Gregory Paul,

134.   Howell, Babe,

135.   Hull, Bryan David,

136.   Hutchinson, Ed,

137.   Hyde, Thomas,

138.  Jackley, Marty,

139.  Jaroslaw, Ilene,

140.  Joyal, Moe,

141.  Joyal, Ursula,

142.  Keller, Zachery, P.,

143.  Kelly, Charles B.,

144.  King, Adam,

145.  King, Brad,

146.  Knudsen, Austin,

147.  Kobach, Kris,

148.  Kobil, Daniel,

149.  Koerner, Matthew R.,

150.  Kollar, Justin F.,

151.  Kramer, Brian,

152.  Kronick, Katie,

153.  Kruse, Katherine R.,

154.  Larizza, R.J.,

155.  Lassar, Scott,

156.  Laurin, Jennifer,

157.  Lawson, Sara Alpert,

158. Levens, William P.,

159. Levenson, Laurie,

160. Levesque, George T.,

161. Levine, Kay,

162. Lewis, Timothy K.,

163. Listenbee, Robert L.,

164. Little, Rory,

165. Lopez, Maria Chapa,

166. Lubet, Steven,

167. Madden, Ginger Bowden,

168. Madrid, Patricia A.,

169. Margulies, Peter,

170. Markovic, Milan,

171. Marshall, Steve,

172. Mather, Lynn,

173. Matsuoka, Tania C.,

174. McCollum, Bill,

175. McFadden, Garry, L.

176. McMunigal, Kevin,

177. Medwed, Daniel,

178.   Meggs, William N.,

179.   Melton III, Howell Webster,

180.   Menendez, Jr., Manuel,

181.   Menkel-Meadow, Carrie,

182.   Metzger, Pamela,

183.   Millemann, Michael,

184.   Miller, Eric,

185.   Minkoff, Ronald,

186.   Miyares, Jason,

187.   Moore, Richard,

188.   Morris, Chris,

189.   Morrisey, Patrick,

190.   Morrison, Caren Myers,

191.   Murrill, Liz,

192.   Needham, Carol,

193.   Newborn, Steven A.,

194.   Newton, Matthew T.,

195.   Norton, Jerry,

196.   Nunn, Kenneth,

197.   O'Connor, Michol,

198.    O'Neil, David A.,

199.    O'Neill, Jerome,

200.    O'Neill, Timothy,

201.    Orenstein, Aviva Anne,

202.    Ortiz, Carmen M.,

203.    Ouziel, Lauren,

204.    Pariente, Barbara,

205.    Parsons, Ron,

206.    Paxton, Ken,

207.    Pearce, Russell,

208.    Pearson, Melba,

209.    Percival, III, James H.,

210.    Perlin, Michael,

211.    Phillips, Channing,

212.    Podgor, Ellen S.,

213.    Powell, Burnele

214.    Pridgen, Abdul D.,

215.    Quick, Albert T.,

216.    Quick, Brenda,

217.    Quince, Peggy,

218. Rapoport, Nancy,

219. Regalado, Vic,

220. Reid, Teresa Jean,

221. Reiner, Ira,

222. Reyes, Sean D.,

223. Ricardo, Kim D.,

224. Robbins, Ira,

225. Roberts, Jenny,

226. Robertson, Andra,

227. Robson, Ruthann,

228. Rosen, Robert,

229. Rosenthal, Stephen,

230. Ross, Josephine,

231. Rossman, David,

232. Rozelle, Susan,

233. Rudovsky, David,

234. Safavi, Sherry,

235. Saito, Natsu,

236. Salcines, E.J.,

237. Saltzburg, Stephen A.,

238. Sammons, Jack,

239. Schaefer, Paula,

240. Scheindlin, Shira A.,

241. Schenck, Robert S.

242. Schnorrenberg, Sarah B,

243. Scott, McGregor,

244. Shores, R. Trent,

245. Shorstein, Harry L.,

246. Siegel, David,

247. Singer, David B.,

248. Singh, Samantha B.,

249. Singleton, David A.,

250. Sloan, Cliff,

251. Smith, Abbe,

252. Sonnett, Neal R.,

253. Southerland, Vincent,

254. Spagnoletti, Robert J.,

255. Spitzer, Hugh D.,

256. Stamper, Norm,

257. Stempel, Jeff,

258. Stephens, Darrel,

259. Strait, John,

260. Strang, Dean,

261. Sullivan, Ron,

262. Suvall, Cara,

263. Swain, Alexandra P.,

264. Swan, Sarah L.,

265. Synan, Tom,

266. Tanaka, Elizabeth,

267. Tarr, G. Alan,

268. Tibbles, Lance,

269. Tierney, James,

270. Town, Jay,

271. Tremblay, Paul,

272. Tribe, Laurence H.,

273. Troy, Anthony F.,

274. Turner, Kevin,

275. Turner, Tim,

276. Unikowsky, Adam G.,

277. Unikowsky, Lauren Jacobson,

278.   Uphoff, Rodney,

279.   Vance, Cyrus R.,

280.   Varadi, Benjamin,

281.   Walsh, John,

282.   Ward, Dennis W.,

283.   Warren, Andrew H.,

284.   Warren, Jeffrey Wayne,

285.   Waurishuk, Jim,

286.   Waxman, Seth,

287.   Webb, Jeanne,

288.   Weich, Ronald,

289.   Weinberg, Jr., Morris,

290.   Weiss, Jonathan A.,

291.   West, Chris,

292.   Whitaker, Henry C.,

293.   Wilson, Alan,

294.   Wilson, Jodi,

295.   Woods, Jordan Blair,

296.   Wright, Ron,

297.   Wynbrandt, Kathryn L.,

298.   Yaroshefsky, Ellen,

299.   Zitrin, Richard

# TABLE OF CONTENTS

Table of Contents ................................................................................................................ i

Table of Citations .............................................................................................................. ii

Argument ............................................................................................................................ 1

    The Court should vacate and remand with instructions to dismiss this case as
    moot ............................................................................................................................ 1

Conclusion .......................................................................................................................... 9

Certificate of Compliance ................................................................................................ 11

Certificate of Service ....................................................................................................... 12

# TABLE OF CITATIONS

**Cases**                                                                          **Page(s)**

*AcryliCon USA, LLC v. Silikal GMBH & Co.,*
   46 F.4th 1317 (11th Cir. 2022) ................................................................. 5

*Ali v. Cangemi,*
   419 F.3d 722 (8th Cir. 2005)................................................................... 4

*Bacote v. Fed. Bureau of Prisons,*
   119 F.4th 808 (10th Cir. 2024) ............................................................... 8

*Bonner v. City of Prichard,*
   661 F.2d 1206 (11th Cir. 1981)............................................................... 2

*Branti v. Finkel,*
   445 U.S. 507 (1980)................................................................................. 7

*Brett v. Jefferson Cnty.,*
   123 F.3d 1429 (11th Cir. 1997)............................................................... 4

*Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cnty.,*
   842 F.3d 1324 (11th Cir. 2016)............................................................... 3

*Chamber of Comm. v. U.S. Dep't of Energy,*
   627 F.2d 289 (D.C. Cir. 1980) ............................................................... 5

*Church of Scientology Flag Serv. Org. v. City of Clearwater,*
   777 F.2d 598 (11th Cir. 1985)............................................................... 5

*Dep't of Com. v. New York,*
   588 U.S. 752 (2019)................................................................................. 6

*Djadju v. Vega,*
   32 F.4th 1102 (11th Cir. 2022) ............................................................... 1

*Edelman v. Jordan,*
   415 U.S. 651 (1974)................................................................................. 2

*Elrod v. Burns,*
   427 U.S. 347 (1976)................................................................................. 7

*Fla. Ass'n of Rehab. Facilities, Inc. v. Dep't of Health & Rehab. Servs.,*
  225 F.3d 1208 (11th Cir. 2000) ........................................................................ 3

*Ga. Advoc. Off. v. Jackson,*
  33 F.4th 1325 (11th Cir. 2022) ......................................................................... 8

*Garcia-Mir v. Meese,*
  781 F.2d 1450 (11th Cir. 1986) ..................................................................... 5, 7

*Gregory v. Ashcroft,*
  501 U.S. 452 (1991) .......................................................................................... 8

*Hand v. Scott,*
  888 F.3d 1206 (11th Cir. 2018) ......................................................................... 6

*Hander v. San Jacinto Junior Coll.,*
  519 F.2d 273 (5th Cir. 1975) ............................................................................ 2

*Hillsdale Env't Loss Prevention, Inc. v. U.S. Army Corps of Eng'rs,*
  702 F.3d 1156 (10th Cir. 2012) ......................................................................... 5

*In re Grand Jury Proc.,*
  142 F.3d 1416 (11th Cir. 1998) ..................................................................... 5, 7

*Key Enters. of Del., Inc. v. Venice Hosp.,*
  9 F.3d 893 (11th Cir. 1993) .............................................................................. 8

*McKinley v. Kaplan,*
  262 F.3d 1146 (11th Cir. 2001) ......................................................................... 2

*Meiners v. Univ. of Kan.,*
  359 F.3d 1222 (10th Cir. 2004) ......................................................................... 2

*Pizzi v. Scott,*
  160 So. 3d 897 (Table), 2014 WL 7277376 (Fla. 2014) ................................... 3

*S. Utah Wilderness All. v. Smith,*
  110 F.3d 724 (10th Cir. 1997) ........................................................................... 4

*S–1 v. Spangler,*
  832 F.2d 294 (4th Cir. 1987) ....................................................................... 4–5, 8

*State ex rel. Williams v. Lee,*
164 So. 536 (Fla. 1935) ........................................................................... 2

*Summit Med. Assocs., P.C. v. Pryor,*
180 F.3d 1326 (11th Cir. 1999) ............................................................... 3

*T.W. v. N.Y. State Bd. of Law Examiners,*
110 F.4th 71 (2d Cir. 2024) ..................................................................... 3

*United States v. (Under Seal),*
757 F.2d 600 (4th Cir. 1985) ............................................................... 5, 7

*United States v. N.Y.C. Dist. Council of N.Y.C.,*
709 F. App'x 60 (2d Cir. 2017) ............................................................... 2

*United States v. W.T. Grant Co.,*
345 U.S. 629 (1953) ............................................................................ 4, 8

*\*Winzler v. Toyota Motor Sales U.S.A., Inc.,*
681 F.3d 1208 (10th Cir. 2012) ............................................................... 4

**Statutes and Constitutional Provisions**

Fla. Const. art. IV, § 1 ............................................................................. 6

Fla. Stat. § 100.041 ............................................................................... 2, 7

Fla. Stat. § 111.05 ................................................................................... 2

Fla. Stat. § 112.45 ................................................................................... 3

Fla. Stat. § 112.51 ................................................................................... 3

**Other Authorities**

13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, Westlaw ................................................................................. 4

*2024 General Election*, Hillsborough Cnty. Supervisor of Elections (last updated Nov. 18, 2024, 12:57 PM) ............................................................................. 1

Dan Sullivan, *Cop support, Warren's ouster central issues in Hillsborough prosecutor race*, Tampa Bay Times (Oct. 30, 2024) ...................................................................................... 6

*Fla. Op. Atty. Gen.*, 072-222 .............................................................................................. 2

Webster's New International Dictionary (2d ed. 1950) ........................................................ 3

## ARGUMENT

### The Court should vacate and remand with instructions to dismiss this case as moot.

Last month, the citizens of Hillsborough County elected Suzy Lopez as state attorney, rejecting Andrew Warren's candidacy by over 30,000 votes and more than five percentage points.[1]

Given that decision, this Court has asked "whether this case is moot or will become moot" once Warren's current term as state attorney expires. Second Order on Suppl. Briefing at 2, DE116. As a constitutional matter, the case will become moot on January 7—the day that Warren's term ends. But as a prudential matter, this case is already moot. It would be inequitable, to say the least, to oust State Attorney Lopez and reinstall Warren in the waning month of the current electoral term. For either reason, the Court should vacate both the panel opinion and the judgment below, and remand with instructions to dismiss.

**1.** Starting with justiciability, this case will become moot on January 7. A case is moot in the Article III sense "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022) (citation omitted). The relief that Warren seeks here is a declaration that his suspension was unlawful and a corresponding injunction reinstating him for the rest of

---

[1] *2024 General Election*, Hillsborough Cnty. Supervisor of Elections (last updated Nov. 18, 2024, 12:57 PM), https://tinyurl.com/3easfrac.

his term as state attorney. *See* App.59. But a federal court cannot reinstate Warren to a term of office that has expired, so his "claim for reinstatement [will] bec[ome] moot" once his term ends. *McKinley v. Kaplan*, 262 F.3d 1146, 1148 n.3 (11th Cir. 2001); *see United States v. N.Y.C. Dist. Council of N.Y.C.*, 709 F. App'x 60, 62 (2d Cir. 2017) (similar). That will occur on January 7, 2024—"the first Tuesday after the first Monday in January after [the 2024 general] election." Fla. Stat. § 100.041(1).

Nor can Warren revive his case with a belated claim for financial relief against the Governor. Warren did not seek damages below. *See* App.59. Even if he had, sovereign immunity would bar any claim for financial relief against the Governor in his official capacity. *See Edelman v. Jordan*, 415 U.S. 651, 668–69 (1974) (sovereign immunity bars compensatory damages); *Hander v. San Jacinto Junior Coll.*, 519 F.2d 273, 278 (5th Cir.), *opinion clarified*, 522 F.2d 204 (5th Cir. 1975) (same for backpay)[2]; *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004) (same). And Warren has disclaimed any claim against the Governor in his individual capacity. *See* App.1224.

The Court should also reject any argument that a declaratory judgment after January 7 would provide meaningful relief by entitling Warren to backpay under Florida law. State law awards Warren backpay only if he is *reinstated* to his term of office,[3] so a

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] To receive backpay under Florida law, Warren must be "lawfully entitled to resume the duties of office after suspension." Fla. Stat. § 111.05. That condition is met "as soon as [he] is *reinstated*" to his post as state attorney. *See State ex rel. Williams v. Lee*, 164 So. 536, 538 (Fla. 1935) (emphasis added); *Fla. Op. Atty. Gen.*, 072-222, July 12,

declaration issued after his term has expired would not trigger a backpay award. And even if a declaration could open the door to state-law backpay, using a declaration to that sole end "would invade [Florida's] sovereignty as much as an award of money damages would, [so it is] barred by the Eleventh Amendment." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999); *see Fla. Ass'n of Rehab. Facilities, Inc. v. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1221 (11th Cir. 2000) (similar); *T.W. v. N.Y. State Bd. of Law Examiners*, 110 F.4th 71, 92 (2d Cir. 2024) (sovereign immunity bars federal declaratory judgments that merely justify financial relief in state-court forums).

Because Warren has "no present interest, other than vindication," in a judgment as of January 7, the case is moot on that date. *Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cnty.*, 842 F.3d 1324, 1330 (11th Cir. 2016).

**2.** Though this case is not yet constitutionally moot, it would be inequitable to oust Suzy Lopez (a reelected incumbent) and reinstall Andrew Warren (a defeated candidate) for the final month of the current state-attorney term. Since the equities

---

1972 (similar); *see also* Webster's New International Dictionary at 2126 (2d ed. 1950) (defining "resume" as "to assume or take again" or "to reoccupy"); Fla. Stat. § 112.45(2) (noting that "should the official be reinstated" the official receives back pay measured "from the date of suspension to that date"). Once his term expires, though, Warren cannot be reinstated to his post as state attorney, no matter if the Governor's suspension order is later held invalid. *See Pizzi v. Scott*, 160 So. 3d 897 (Table), 2014 WL 7277376, at *1–2 (Fla. 2014) (distinguishing *restoration* to office from *revocation* of a suspension order, and ordering only revocation after a suspended official's term had expired); *see also* Fla. Stat. § 112.51(5)–(6) (drawing a similar distinction in the context of municipal officers, but—contrary to the state-officer statute applicable to Warren— specifically awarding backpay even to officers who "[can]not be reinstated" because their terms have expired).

overwhelmingly disfavor the relief that Warren seeks, the Court should dismiss the case as "prudentially moot." 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, § 3533.1, Westlaw (database updated June 2024).

"Mootness has many moods." *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1209 (10th Cir. 2012) (Gorsuch, J.). Though it most often "bears a constitutional countenance," mootness also "carries a more prudential complexion, permitting [courts] to withhold relief [that they otherwise would] have the authority to grant." *Id.*

That "prudential" form of mootness flows from the discretionary nature of equity. *See id.* at 1210. Because a plaintiff seeking equitable relief "appeal[s] to the 'remedial discretion' of the courts," he must always "satisfy the court that relief is needed." *Id.* (first quoting *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997); and then quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)); *see also Brett v. Jefferson Cnty.*, 123 F.3d 1429, 1435 n.14 (11th Cir. 1997) (stating that "declaratory relief" is an equitable remedy like an injunction). But when "events so overtake a lawsuit that the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits," that burden becomes insurmountable. *Winzler*, 681 F.3d at 1210. In that event, the case is "prudentially moot," and the proper appellate course is to vacate and remand with instructions to dismiss. *Id.* at 1213–15; *see S–1 v. Spangler*, 832 F.2d 294, 298–99 (4th Cir. 1987); *Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005) (en banc).

Because prudential mootness is a creature of equity, traditional equitable principles guide its application. The Court should "balance [the] hardships" that an injunction would impose on the defendant against the benefits that the injunction would bestow on the plaintiff. *AcryliCon USA, LLC v. Silikal GMBH & Co.*, 46 F.4th 1317, 1327 (11th Cir. 2022); *see Hillsdale Env't Loss Prevention, Inc. v. U.S. Army Corps of Eng'rs*, 702 F.3d 1156, 1167 (10th Cir. 2012) ("[C]hange[s]" to the balance of equities may be "so drastic as to render [a party's] appeal prudentially moot"). It should then weigh whether the injunction would harm "the public interest." *AcryliCon*, 46 F.4th at 1327; *see Chamber of Comm. v. U.S. Dep't of Energy*, 627 F.2d 289, 292 (D.C. Cir. 1980) (per curiam). And since courts generally "refus[e] to decide constitutional issues unless strictly necessary," *Church of Scientology Flag Serv. Org. v. City of Clearwater*, 777 F.2d 598, 604 (11th Cir. 1985), the Court should also assess whether the benefits of the requested relief justify the resources needed to resolve "the difficult[] and sensitiv[e] constitutional issue[s]" presented, *Spangler*, 832 F.2d at 298; *see also United States v. (Under Seal)*, 757 F.2d 600, 604 (4th Cir. 1985).

Applying those principles, this case is prudentially moot. Turning first to hardship, replacing Suzy Lopez (the current and future state attorney) with Andrew Warren (her failed opponent) would "frustrate" both the Governor's and "the public's interest in the fair and expeditious administration of the criminal laws." *In re Grand Jury Proc.*, 142 F.3d 1416, 1427 (11th Cir. 1998); *see also Garcia-Mir v. Meese*, 781 F.2d 1450, 1454 (11th Cir. 1986). The Governor appointed Lopez as state attorney to ensure "that the

laws [are] faithfully executed" in Hillsborough County, Fla. Const. art. IV, § 1(a), and Lopez has met that call for the past two-and-a-half years, App.72 (appointing Lopez in August 2022). During that time, she has "made substantial changes" in office policy, rolling back Warren's reckless non-prosecution policies and enacting new procedures of her own. *See* App.178. Both line prosecutors and the community have "predict[ably]" grown accustomed to her vision for the office during that span. *See id.*; *cf. Dep't of Com. v. New York*, 588 U.S. 752, 768 (2019). And most recently, voters ratified her prosecutorial approach in the 2024 general election, electing her to another four-year term by a comfortable margin. *Supra* note 1.

Reinstating Warren for the rest of the current state-attorney term would only sow "chaos and uncertainty" within the state attorney's office and undermine the will of the voters. *See Hand v. Scott*, 888 F.3d 1206, 1214 (11th Cir. 2018); *see also* App.178 (denying preliminary injunction because untimely reinstatement "risk[ed] further disruption"). During his short-lived tenure, Warren could make case-specific decisions to release dangerous criminals into the community, threatening public safety.[4] He could make good on his promise that "a lot of people are getting fired" if he returns to power, Tr.553:10–15; Tr.553:19–554:1, robbing public servants of their livelihoods and bleeding the office of hard-earned experience. And more generally, he could usurp the

---

[4] Dan Sullivan, *Cop support, Warren's ouster central issues in Hillsborough prosecutor race*, Tampa Bay Times (Oct. 30, 2024), https://tinyurl.com/mr48ndwz (citing an instance where Warren declined to prosecute a shooting suspect).

office's time and resources to reshape it in his image—flouting the will of the voters who rejected that image in the 2024 election. *Supra* note 1. Unwinding those moves would force Lopez to expend valuable resources upon her return and distract from the "efficient administration of" justice. *Garcia-Mir*, 781 F.2d at 1454; *see also In re Grand Jury Proc.*, 142 F.3d at 1427.

In contrast, reinstatement at this late hour would benefit Warren little. By the time this case returns to the district court (and assuming the district court even rules in Warren's favor in an expedited manner), he would likely have less than a month in office. *See* Fla. Stat. § 100.041(1). State Attorney Lopez will no doubt dismantle any incongruous policies that Warren enacts in those fading moments. That does not come close to justifying upending the state attorney's office twice in a matter of weeks. *See In re Grand Jury Proc.*, 142 F.3d at 1427.

On top of those equities, this case presents an array of "sensitiv[e] and difficult[]" issues of constitutional law and federalism that are best left for another day. *(Under Seal)*, 757 F.2d at 604. Those questions include whether elected officials can produce government speech, Op.27–29; whether statements of future conduct are categorically protected speech, Op.40–42; and whether elected officials can qualify as policymakers under *Elrod v. Burns*, 427 U.S. 347 (1976) (plurality opinion), and *Branti v. Finkel*, 445 U.S. 507 (1980), Op.39. This litigation also raises substantial questions about the long-recognized limit on the equitable authority of the federal courts to interfere in state removal proceedings. Suppl. Br. of Appellee on Jurisdiction at 2–8, DE112; Ans. Br. 50–51. Any

decision on that topic would implicate federalism concerns that are fundamental to state sovereignty—namely "the authority of the people of the States to determine the qualifications of their most important government officials" that "lies at the heart of representative government." *Gregory v. Ashcroft*, 501 U.S. 452, 460, 463 (1991). Given that Warren has, at most, a diminished need for equitable relief, "it would be imprudent to address the merits" of those issues now. *Spangler*, 832 F.2d at 298. The better course is to save them for a case in which equitable relief is warranted. *See W.T. Grant Co.*, 345 U.S. at 633, 635.

In sum, Warren "has not satisfied [his] burden" to show that "the requested relief is [still] needed," so this Court should "dismiss this appeal as prudentially moot." *Bacote v. Fed. Bureau of Prisons*, 119 F.4th 808, 815 n.8 (10th Cir. 2024) (cleaned up).

**3.** If the Court holds the case moot, it should also vacate the panel opinion and the judgment below. *See Ga. Advoc. Off. v. Jackson*, 33 F.4th 1325, 1326 (11th Cir. 2022) (per curiam). When the Court releases an opinion but the "mandate has not yet issued," such as where a member of this Court withholds the mandate, "this Court retains jurisdiction over the case." *Id.* And if the mandate has not yet issued when litigation becomes moot, "the proper action is to vacate [the] prior opinion," *id.*, "vacate the district court's judgment, and remand to the district court with instructions to dismiss the case," *Key Enters. of Del., Inc. v. Venice Hosp.*, 9 F.3d 893, 894 (11th Cir. 1993) (en banc). That is the case here.

## CONCLUSION

The Court should vacate the panel opinion, vacate the district court's order, and remand with instructions to dismiss this case as moot.

Dated: December 3, 2024

Respectfully submitted,

ASHLEY MOODY
  *Attorney General of Florida*

/s/ Henry C. Whitaker

GEORGE T. LEVESQUE
GrayRobinson, P.A.
301 South Bronough St.
Ste. 600
Tallahassee, FL 32302
(850) 577-9090
*george.levesque@gray-robinson.com*

HENRY C. WHITAKER
  *Solicitor General*
DANIEL WILLIAM BELL
JEFFREY PAUL DESOUSA
  *Chief Deputy Solicitors General*
DAVID M. COSTELLO
  *Senior Deputy Solicitor General*
ROBERT SCOTT SCHENCK
  *Assistant Solicitor General*

JEFF AARON
DownsAaron, PLLC
200 S Orange Ave.
Ste. 2250
Orlando, FL 32801
(407) 349-3949
*jeff.aaron@downsaaron.com*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
(850) 414-3300
*henry.whitaker@myfloridalegal.com*

*Counsel for Defendant-Appellee*

*Counsel for Defendant-Appellee*

# CERTIFICATE OF COMPLIANCE

1.     This document complies with the page-volume limits set out in this Court's order requesting supplemental briefing.

2.     This document complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

*/s/ Henry C. Whitaker*
Solicitor General

## CERTIFICATE OF SERVICE

I certify that on December 3, 2024, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

/s/ Henry C. Whitaker
Solicitor General