No. 23-10459

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

ANDREW WARREN,

*Plaintiff-Appellant,*


v.


RON DESANTIS,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Florida
No. 4:22-cv-302-RH-MAF

# PLAINTIFF-APPELLANT'S LETTER BRIEF

David A. O'Neil
Suzanne Zakaria
DEBEVOISE & PLIMPTON, LLP
801 Pennsylvania Ave. NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com
szakaria@debevoise.com

Samantha B. Singh
Marisa L. Pagán-Figueroa
Jane Tien
DEBEVOISE & PLIMPTON, LLP
66 Hudson Boulevard
New York, NY 10001

(212) 909-6000
sbsingh@debevoise.com
mlpaganfigueroa@debeovise.com
jtien@debevoise.com

Jean-Jacques Cabou
Alexis E. Danneman
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 351-8000
JCabou@perkinscoie.com
ADanneman@perkinscoie.com

David B. Singer
Matthew T. Newton
OLDER LUNDY KOCH & MARTINO
1000 W. Cass St.
Tampa, FL 33606
(813) 254-8998
dsinger@olderlundylaw.com
mnewton@olderlundylaw.com

*Counsel for Plaintiff-Appellant Andrew Warren*

## CERTIFICATE OF INTERESTED PERSONS

Plaintiff-Appellant certifies that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1:

1.    Aaron, Jeffrey M., *Attorney for Defendant-Appellee*

2.    Allen, Norton & Blue, P.A., *Attorneys for Amicus Curiae*

3.    Araiza, William, *Amicus Curiae*

4.    Bailey, Andrew, *Amicus Curiae*

5.    Cabou, Jean-Jacques, *Attorney for Plaintiff-Appellant*

6.    Calvert, Clay, *Amicus Curiae*

7.    Cameron, Daniel, *Amicus Curiae*

8.    Carr, Christopher M., *Amicus Curiae*

9.    Casselman, Margo R., *Attorney for Plaintiff-Appellant*

10.   Chemerinsky, Erwin, *Amicus Curiae*

11.   Christmas, Natalie, *Attorney for Defendant-Appellee*

12.   Costello, David M., *Attorney for Defendant-Appellee*

13.   Danneman, Alexis, *Attorney for Plaintiff-Appellant*

14.   Debevoise & Plimpton, LLP, *Attorneys for Plaintiff-Appellant*

15.   DeSantis, Ron, *Defendant-Appellee*

16.   DeSousa, Jeffrey P., *Attorney for Defendant-Appellee*

17.     Evans, Robert Wayne, *Attorney for Amicus Curiae*

18.     Fitch, Lynn, *Amicus Curiae*

19.     Florida Office of the Attorney General, *Attorneys for Defendant-Appellee*

20.     Florida Police Chiefs Association, *Amicus Curiae*

21.     Florida Prosecuting Attorneys Association, *Amicus Curiae*

22.     Florida Sheriffs Association, *Amicus Curiae*

23.     Flowers, Benjamin M., *Amicus Curiae*

24.     Gaiser, T. Elliot, *Attorney for Amicus Curiae*

25.     Gilles, Susan M., *Amicus Curiae*

26.     Gray Robinson, P.A., *Attorneys for Defendant-Appellee*

27.     Griffin, Tim, *Amicus Curiae*

28.     Grouev, Zachary, *Attorney for Defendant-Appellee*

29.     Hilgers, Michael T., *Amicus Curiae*

30.     Hinkle, Robert L., *District Court Judge*

31.     Hufford, Axel J., *Attorney for Amicus Curiae*

32.     Jackley, Marty, *Amicus Curiae*

33.     Jacobs, Arthur Ivan, *Attorney for Amicus Curiae*

34.     Jenner & Block LLP, *Attorneys for Amicus Curiae*

35.     Keller, Zachery P., *Amicus Curiae*

36.  Knudsen, Austin, *Amicus Curiae*

37.  Kobil, Daniel T., *Amicus Curiae*

38.  Lagos, Benjamin M., *Attorney for Amicus Curiae*

39.  Lakier, Genevieve, *Amicus Curiae*

40.  Landry, Jeff, *Amicus Curiae*

41.  Levesque, George T., *Attorney for Defendant-Appellee*

42.  Li, Yao, *Attorney for Amicus Curiae*

43.  Lopez, Susan, *Interested party*

44.  Marsey, John David, *Attorney for Amicus Curiae*

45.  Marshall, Steve, *Amicus Curiae*

46.  Massaro, Toni M., *Amicus Curiae*

47.  Moody, Ashley, *Attorney for Defendant-Appellee*

48.  Morrisey, Patrick, *Amicus Curiae*

49.  Newton, Matthew T., *Attorney for Plaintiff-Appellant*

50.  Niehoff, Leonard M., *Amicus Curiae*

51.  Older, Lundy, Koch & Martino, *Attorneys for Plaintiff-Appellant*

52.  O'Neil, David A., *Attorney for Plaintiff-Appellant*

53.  Pagan-Figueroa, Marisa L., *Attorney for Plaintiff-Appellant*

54.  Paxton, Ken, *Amicus Curiae*

55.  Percival, James H., *Attorney for Defendant-Appellee*

56.    Perkins Coie LLP, *Attorneys for Plaintiff-Appellant*

57.    Public Rights Project, *Amicus Curiae*

58.    Reyes, Sean D., *Amicus Curiae*

59.    Rosenthal, Joshua, *Attorney for Amicus Curiae*

60.    Rumberger Kirk & Caldwell, P.A., *Attorney for Amicus Curiae*

61.    Schenck, Robert S., *Attorney for Defendant-Appellee*

62.    Singer, David B., *Attorney for Plaintiff-Appellant*

63.    Singh, Samantha B., *Attorney for Plaintiff-Appellant*

64.    Tien, Jane, *Attorney for Plaintiff-Appellant*

65.    Torres-Spelliscy, Ciara, *Amicus Curiae*

66.    Turret, Erica S., *Attorney for Amicus Curiae*

67.    Unikowsky, Adam G., *Attorney for Amicus Curiae*

68.    Warren, Andrew, Plaintiff-Appellant

69.    Whitaker, Henry C., *Attorney for Defendant-Appellee*

70.    Wilson, Alan, *Amicus Curiae*

71.    Wynbrandt, Kathryn L., *Attorney for Amici*

72.    Yost, Dave, *Amicus Curiae*

73.    Zakaria, Suzanne, *Attorney for Plaintiff-Appellant*

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: December 3, 2024      **DEBEVOISE & PLIMPTON LLP**

*/s/ David A. O'Neil*

David A. O'Neil
801 Pennsylvania Ave. NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

*Counsel for Plaintiff-Appellant*
*Andrew Warren*

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................1

ARGUMENT .........................................................................................2

I.      This Case Presents Issues Capable of Repetition, Yet Evading Review ........2

II.     Mr. Warren's Request for Declaratory Relief Remains Live.........................6

III.    Mr. Warren's Other Claims for Relief Remain Live......................................8

CONCLUSION .....................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Arcia v. Fla. Sec'y of State*, 772 F.3d 1335 (11th Cir. 2014). ...............................3, 4

*Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449 (2007) ..............3, 5

*Firefighters Loc. Union No. 1784 v. Stotts*, 467 U.S. 561 (1984) ............................7

*Hall v. Sec'y, Ala.*, 902 F.3d 1294 (11th Cir. 2018) ..............................................2, 5

*Int'l Bhd. of Elec. Workers Sys. Council U-4 v. Fla. Power & Light Co.*, 580 F. App'x 868 (11th Cir. 2014) ................................................................7

*Int'l Org. of Masters, Mates & Pilots v. Brown*, 498 U.S. 466 (1991) ....................3

*McKinley v. Kaplan*, 177 F.3d 1253 (11th Cir. 1999) .....................................8, 9, 10

*Memphis Light, Gas and Water Div. v. Craft*, 436 U.S. 1 (1978) ............................9

*Naturist Soc., Inc. v. Fillyaw*, 958 F.2d 1515 (11th Cir. 1992) ................................9

*Penthouse Int'l., Ltd. v. McAuliffe*, 702 F.2d 925 (11th Cir. 1983) .........................6

*Powell v. McCormack*, 395 U.S. 486 (1969) ...........................................................7

*Steffel v. Thompson*, 415 U.S. 452 (1974) ...............................................................6

*Storer v. Brown*, 415 U.S. 724 (1974) ......................................................................3

*Warren v. DeSantis*, 653 F. Supp. 3d 1118 (N.D. Fla. 2023), *vacated*, 90 F.4th 1115 (11th Cir. 2024) ...........................................................................8

*Weinstein v. Bradford*, 423 U.S. 147 (1975) ...........................................................2

*Zwickler v. Koota*, 389 U.S. 241 (1967) ..................................................................6

ii

**Statutes**

Fla. Stat. § 111.05 (2024) ........................................................................6

**Other Authorities**

First Amendment........................................................................1, 2, 5, 6, 8

Eleventh Amendment................................................................................8

Fourteenth Amendment .........................................................................1, 6

**INTRODUCTION**

On November 11, 2024, this Court asked the parties to address whether this case is moot or will become moot on the expiration of Plaintiff-Appellant Andrew Warren's term of office on January 7, 2025. It has now been nearly two and a half years since Governor DeSantis illegally suspended Mr. Warren in retaliation for Mr. Warren's political speech. The Governor's efforts to delay and evade judgment on his action have now consumed the remainder of Mr. Warren's term in office. But while Mr. Warren's term will soon expire, this controversy will not. Mr. Warren's claims remain live, and he respectfully requests that this Court issue a mandate returning the case to the District Court, which is best positioned to address any justiciability issues in the first instance.

There are several live issues that the District Court is appropriately positioned to consider, and to make factual findings to resolve, upon this Court's issuance of the mandate. *First*, as the events over the past two-plus years vividly illustrate, the retaliation giving rise to this dispute is capable of repetition, yet evading review. Just yesterday, Governor DeSantis yet again trumpeted the suspension, which he can do only because he evaded—and which he will continue to do until a court issues— a ruling that his actions violated the Federal Constitution. *Second*, Mr. Warren's requests for declaratory relief remain live, and the District Court may still declare that the suspension violates the First and Fourteenth Amendments. *Third*, while Mr.

Warren's principal interest in this litigation has always been vindicating important First Amendment principles and serving in the role to which he was elected, the Governor's violation of his constitutional rights entitles Mr. Warren to other forms of relief, potentially including compensation for the time he has been unlawfully barred from office. To the extent the District Court determines that such relief requires Mr. Warren to amend his complaint, Mr. Warren could demonstrate to the District Court that such an amendment is appropriate and warranted.

## ARGUMENT

The upcoming expiration of Mr. Warren's term does not moot this case.

## I. This Case Presents Issues Capable of Repetition, Yet Evading Review

Although Mr. Warren's term has nearly expired, his case squarely falls into the exception to mootness for controversies capable of repetition, yet evading review. This Court applies a two-pronged test for determining the applicability of the exception: (1) the challenged action must, in its duration, be too short to be fully litigated prior to its expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *see also Hall v. Sec'y, Ala.*, 902 F.3d 1294, 1297–98 (11th Cir. 2018) (quoting *Fed. Election Comm'n v. Wis. Right To Life, Inc.*, 551 U.S. 449, 463 (2007)) ("[I]t is sufficient that there is a reasonable expectation that 'materially similar' circumstances will recur.").

As with many other election-related cases, the first prong is easily satisfied. *See, e.g.*, *Storer v. Brown*, 415 U.S. 724, 737 n.8 (1974) (finding case "not moot" even though election was "long over"); *Int'l Org. of Masters, Mates & Pilots v. Brown*, 498 U.S. 466, 473 (1991) (holding that case was not moot "even though [the respondent] lost the election by a small margin"); *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1343 (11th Cir. 2014) (finding that case was not moot after election because Secretary of State's actions "were too short in duration to be fully litigated prior to their cessation"). The limited duration of Mr. Warren's term in office, combined with the Governor's demonstrated pattern of seeking maximum litigation delay to forestall adjudication of his actions, prevent his claims from being fully litigated. The past two and a half years clearly demonstrate that this dispute has evaded and will continue to evade review. Mr. Warren was illegally prevented from serving the majority of his elected term, of which only weeks remain. The Governor's abuse of power should not avoid judicial scrutiny merely because the legal process has lasted for 28 months.

The second prong is also satisfied. Mr. Warren was elected twice and ran a third time. He has been an elected official for the last eight years and reasonably expects to be able to run again for—and once elected, to hold—public office. Should this Court dismiss the action as moot, Governor DeSantis—whose term does not expire until January 2027—could repeat the same politically motivated retaliation

against Mr. Warren in the same or similar form.  That is precisely why Mr. Warren sought an order from the District Court enjoining Governor DeSantis against future retaliation.  Dkt. 40-1 at 59.

In a similar case involving overreach by the Florida executive branch, this Court found that where the executive official offered no promise to refrain from the action in dispute, there was a "a reasonable expectation that the plaintiffs will be subject to the same action again." *Arcia*, 772 F.3d at 1343.  Governor DeSantis has failed to offer any such promise to refrain from retaliating against Mr. Warren or other similarly situated officers in the state.  To the contrary: just yesterday, on December 2, 2024, Governor DeSantis once again publicly touted for political reasons his decision to "remove[] Soros-backed prosecutor Andrew Warren from office."  Ron DeSantis (@GovRonDeSantis), TWITTER (Dec. 2, 2024, 2:25 PM), https://x.com/govrondesantis/status/1863665697848496578?s=42.

The potential retaliation that satisfies the second prong, moreover, is in no way limited to suspension from office.  The crux of Mr. Warren's claim in this case is that the Governor must be enjoined from retaliating against him for engaging in protected speech.  The need for that relief remains.  Mr. Warren has dedicated his professional life to serving as a prosecutor.  He has chosen to pursue that profession in state government in Florida and may choose that pursuit again in the near future, perhaps during the time that Governor DeSantis still holds office.  Governor

DeSantis—the most powerful state official in Florida—has announced repeatedly that he regards Mr. Warren as unfit to serve as a prosecutor. As the Governor's own actions show, there is every reason to believe that Governor DeSantis will continue his retaliatory conduct toward Mr. Warren. Mr. Warren should not have to file a new suit each time such retaliation occurs—and the course of this litigation demonstrates that, even if he did so, the vindication of his First Amendment rights will come too late to enjoin the particular form in which the retaliation manifests.

Additionally, Mr. Warren's injury is capable of repetition if the current or any future Governor suspends him again or concludes that this suspension continues beyond the end of Mr. Warren's current term. Without judicial review, the Governor's false allegations of "neglect of duty" that purportedly justified the suspension could be misinterpreted as a permanent disqualification, prohibiting Mr. Warren from serving in any state or local office in the future. This "materially similar" circumstance satisfies the second prong. *Hall*, 902 F.3d at 1298 (quoting *Wis. Right To Life, Inc.*, 551 U.S. at 463).

## II.    Mr. Warren's Request for Declaratory Relief Remains Live

Mr. Warren's requests for declaratory relief also present live issues.  He seeks a declaration that Governor DeSantis's Executive Order is an unconstitutional violation of the First and Fourteenth Amendments.  *See* Dkt. 40-1 at 59.  Mr. Warren is entitled to a ruling on the declaratory relief he has sought because "the propriety of granting federal declaratory relief may properly be considered independently of a request for injunctive relief."  *Steffel v. Thompson*, 415 U.S. 452, 462 (1974); *see also Zwickler v. Koota*, 389 U.S. 241, 254 (1967) ("We hold that a federal district court has the duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction.").  This Circuit has also recognized claims for declaratory relief where injunctive relief is not available.  *See, e.g.*, *Penthouse Int'l., Ltd. v. McAuliffe*, 702 F.2d 925, 928 (11th Cir. 1983) (affirming denial of injunctive relief, and recognizing claim for declaratory relief on First Amendment issue).

The District Court's determination of declaratory relief impacts Mr. Warren's status under Florida law, which provides that "[a]n officer . . . shall suffer no loss of salary or other compensation because of [a] suspension" so long as they are "lawfully entitled to resume the duties of office."  FLA. STAT. § 111.05 (2024).  If the District Court issues a declaratory judgment that Mr. Warren's suspension violated his constitutional rights, then under Florida law, Mr. Warren would have been "lawfully

entitled to resume [his] duties" and may pursue appropriate remedies under state law.

For this reason alone, Mr. Warren's two-plus year quest for a judicial declaration that what Governor DeSantis did to him was unconstitutional is as live today as it was when he filed his complaint. It satisfies the mootness inquiry because backpay is a form of relief that sustains the viability of a case. *See Powell v. McCormack*, 395 U.S. 486, 496, 498–500 (1969) ("We conclude that [plaintiff's] claim for back salary remains viable . . . and thus find it unnecessary to determine whether the other issues have become moot."); *Int'l Bhd. of Elec. Workers Sys. Council U-4 v. Fla. Power & Light Co.*, 580 F. App'x 868, 869 (11th Cir. 2014) ("[E]ven if the issue of [] access is moot, [plaintiff's] request that [the employee] be returned to his previous job and receive back pay is not.").

"As long as the parties have a concrete interest in the outcome of the litigation, the case is not moot notwithstanding the size of the dispute." *Firefighters Loc. Union No. 1784 v. Stotts*, 467 U.S. 561, 571 (1984). In *Firefighters*, the Supreme Court found that one month's pay for the employees in question was "not a negligible item" but rather, along with seniority status, "matters of substance [that are] enough so to foreclose any claim of mootness." *Id.* at 571–72. Here, in addition to resolving an ongoing controversy about Mr. Warren's right to speak his mind on issues of public importance without suffering retaliation, the significance of a

declaratory judgment to Mr. Warren's continuing interest in being made whole by itself suffices to keep his federal claims alive.[1]

## III.    Mr. Warren's Other Claims for Relief Remain Live

Mr. Warren brought this case and continues to pursue it because he believes—and the First Amendment guarantees—that he and other state elected officials have a right to speak on matters of public concern without fear that the Governor will suspend them in retaliation.  He sought reinstatement because, as this Court explained, "[e]lections mean something." *Warren v. DeSantis*, 90 F.4th 1115, 1135 (11th Cir. 2024) (internal citation omitted).  He deserves—and democracy demands—that officials elected to office actually serve out their terms.  Governor DeSantis's delay tactics, however, have effectively foreclosed that relief.  But Mr. Warren also sought additional relief, including "such other and further relief as the Court deems just and proper."  Dkt. 40-1 at 60; *id.* at 36, ¶ 13 (suing Governor DeSantis in both his official and individual capacities).  Therefore, to address the entirety of Mr. Warren's prayer for relief, on remand the District Court needs to consider individual-capacity claims for compensatory damages "for the interval []

---

[1]    While the Governor may assert Eleventh Amendment objections to justiciability on this basis, those arguments are meritless for reasons beyond the scope of this brief.  In any event, the District Court is best positioned to evaluate such issues in the first instance.

when [he] would otherwise have been entitled to [his] seat." *McKinley v. Kaplan*, 177 F.3d 1253, 1255 n.2 (11th Cir. 1999).

The merits of Mr. Warren's entitlement to such relief, as well any potential counterarguments or defenses that may be raised, are appropriately reserved for the District Court to decide. *See The Naturist Soc., Inc. v. Fillyaw*, 958 F.2d 1515, 1519 (11th Cir. 1992) ("[T]he claim for damages saves from mootness the [plaintiff's] contention that the 'old' [] regulations were unconstitutional as applied to it") (citing *Memphis Light, Gas and Water Div. v. Craft*, 436 U.S. 1, 8 (1978) (recognizing compensatory and punitive damages as forms of relief that "save [a] cause from the bar of mootness.")). Accordingly, Mr. Warren's potential pursuit of damages is a cognizable interest in the outcome that renders his claims live.

To the extent the District Court determines that Mr. Warren's complaint requires further specificity as to the legal remedies he seeks, Mr. Warren will be entitled to do so on remand. Leave to amend "shall be 'freely given when justice so requires.'" *McKinley*, 177 F.3d at 1258. And as this Court explained in *McKinley*— the case cited in this Court's order calling for this briefing—when a claim for injunctive relief becomes moot through no fault of the plaintiff, justice requires leave to amend if "intervening events [] make[] the originally sought relief impossible." *Id.* at 1258. Here, the circumstances rendering Mr. Warren's claim for reinstatement moot were entirely outside his control; he diligently pursued his reinstatement

request, seeking expedited treatment at every single stage of the case. Reinstatement became impossible only because of the years of delay created by the Governor's legal maneuvering. As in *McKinley*, there is "nothing illegitimate about [] seeking a new type of relief when intervening events [] make[] the originally sought relief impossible." *Id.* at 1257–58 (reversing district court's decision denying leave to amend). And Governor DeSantis can hardly claim prejudice should the District Court permit Mr. Warren to amend his complaint. The delay in resolving this case is entirely of his own making.

## CONCLUSION

At every stage of this case, Mr. Warren has acted with expediency, emphasizing the urgency of this dispute—moving to expedite consideration and resolution of his claims so that he could return to the position that he was democratically elected to serve in November 2016 and again in November 2020. *See, e.g.*, Dkts. 24, 87, 107, 114. While the Governor has rendered impossible one form of relief that Mr. Warren sought, his remaining claims are ripe for review.

This Court should issue its mandate forthwith so that the District Court may consider Mr. Warren's live claims.


[REST OF PAGE INTENTIONALLY LEFT BLANK]

Dated: December 3, 2024

Respectfully submitted,

**PERKINS COIE LLP**

Jean-Jacques Cabou
Alexis E. Danneman
2901 N. Central Avenue, Suite 2000 Phoenix, Arizona 85012
(602) 351-8000
JCabou@perkinscoie.com
ADanneman@perkinscoie.com

**OLDER, LUNDY, KOCH & MARTINO**

David B. Singer (FBN 72823)
Matthew T. Newton (FBN 111679)
1000 W. Cass St.
Tampa, FL 33606
(813) 254-8998
dsinger@olderlundylaw.com
mnewton@olderlundylaw.com

**DEBEVOISE & PLIMPTON LLP**

*/s/ David A. O'Neil*

David A. O'Neil
Suzanne Zakaria
801 Pennsylvania Ave. NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com
szakaria@debevoise.com

Samantha B. Singh
Marisa L. Pagán-Figueroa
Jane Tien
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
sbsingh@debevoise.com
mlpaganfigueroa@debevoise.com
jtien@debevoise.com

*Counsel for Plaintiff-Appellant Andrew Warren*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that:

1.      This brief complies with the type-volume limitation of the Court's Order at Dkt. 116 because it is 10 pages.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

Date: December 3, 2024

DEBEVOISE & PLIMPTON LLP

*/s/ David A. O'Neil*

David A. O'Neil
801 Pennsylvania Ave. NW,
Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

*Counsel for Plaintiff-Appellant
Andrew Warren*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2024, the foregoing document was filed

with the Clerk of the United States Court of Appeals for the Eleventh Circuit via the

Court's electronic filing system and served on all counsel of record via CM/ECF.

Date: December 3, 2024

DEBEVOISE & PLIMPTON LLP

*/s/ David A. O'Neil*

David A. O'Neil

801 Pennsylvania Ave. NW,
Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

*Counsel for Plaintiff-Appellant*
*Andrew Warren*